# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GE Seaco SrL and GE Seaco Services Limited

               Plaintiffs,

       -against-

ZAO Eurosib Logistics d/b/a, CJSC Eurosib Logistics, d/b/a Eurosib Logistics, ZAO Eurosib SPb Transportation Systems, d/b/a CJSC Eurosib SPb Transportation Systems, d/b/a Eurosib SPb Transporation Systems and CJSC ERWK d/b/a ERWK.

               Defendants.

-----------------------------------------------------------------X

**SUMMONS IN A CIVIL ACTION**

Case No. 09 Civ. 7719 (GBD)

09 CV 7719

JUDGE DANIELS

**TO**: (name and address of defendants)

ZAO Eurosib Logistics d/b/a, CJSC Eurosib
Logistics, d/b/a Eurosib Logistics
4 Michrinskaya Str.
St. Petersburg, Russia

ZAO Eurosib SPb Transportation Systems, d/b/a
CJSC Eurosib SPb Transportation Systems, d/b/a
Eurosib SPb Transporation Systems
4 Michrinskaya Str.
St. Petersburg, Russia

CJSC ERWK d/b/a ERWK
4 Michrinskaya Str.
St. Petersburg, Russia

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY
(name and address)

MAHONEY & KEANE, LLP
11 Hanover Square, 10th Floor
New York, NY 10005
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

SEP - 4 2009

CLERK                                                       DATE

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
GE Seaco SrL and GE Seaco Services
Limited

09 Civ. 7719 (GBD)

Plaintiffs,

-against-

VERIFIED COMPLAINT

ZAO Eurosib Logistics d/b/a, CJSC
Eurosib Logistics, d/b/a Eurosib Logistics,
ZAO Eurosib SPb Transportation Systems,
d/b/a CJSC Eurosib SPb Transportation
Systems, d/b/a Eurosib SPb Transporation
Systems and CJSC ERWK d/b/a ERWK.

Defendants.
-----------------------------------------------------X

PLEASE TAKE NOTICE that Plaintiffs, GE SEACO SRL and GE SEACO

SERVICES LIMITED (collectively "GE SEACO"), by their attorneys, MAHONEY &

KEANE, LLP, as and for a Complaint against Defendants, ZAO Eurosib Logistics d/b/a,

CJSC Eurosib Logistics, d/b/a Eurosib Logistics ("EUROSIB LOGISTICS"), ZAO

Eurosib SPb Transportation Systems, d/b/a CJSC Eurosib SPb Transportation Systems,

d/b/a Eurosib SPb Transporation Systems ("EUROSIB SPB") and CJSC ERWK d/b/a

ERWK ("ERWK"), alleges, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule

9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

2. Plaintiff GE SEACO SRL is a legal entity duly organized and existing pursuant

to the laws of a foreign country with a place of business located at Chancery House, High

Street, Bridgetown, Barbados.

3. Plaintiff GE SEACO SERVICES LIMITED is a legal entity duly organized and

12/3919                                    1

12/3919

existing pursuant to the laws of a foreign country with a place of business located at 21 St. Thomas Street, London, SE1 9RY.

4. Defendant EUROSIB LOGISTICS is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 4 Michurinskaya Str., St. Petersburg, Russia.

5. Defendant EUROSIB SPB is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 4 Michurinskaya Str., St. Petersburg, Russia.

6. Defendant ERWK is a business entity organized and existing pursuant to the laws of a foreign country, with a place of business located at 4 Michurinskaya Str., St. Petersburg, Russia.

7. Plaintiffs, as lessors, Defendant EUROSIB SPB, as lessee, entered into a series of agreements for the lease of containers for the purpose of oceangoing trade.

8. Thereafter, Plaintiffs, Defendant EUROSIB SPB and Defendant EUROSIB LOGISTICS entered into a novation agreement, whereby all rights, obligations and liabilities of Defendant EUROSIB SPB under the lease agreements were transferred to Defendant EUROSIB LOGISTICS.

9. Defendants EUROSIB SPB and ERWK further executed corporate guarantees whereby they agreed to unconditionally and irrevocably guarantee the performance of any and all obligations of Defendant EUROSIB LOGISTICS under the relevant leases, and agreed that in the event that Defendant EUROSIB LOGISTICS failed to perform under the leases they would pay to Plaintiffs any and all charges, costs and other moneys to be paid by Defendant EUROSIB LOGISTICS, (including but not limited to all rental charges, costs

associated with repair and maintenance of container, costs associated with the return of the containers in accordance with the terms of the leases, replacement costs of containers in the event of loss or destruction and any other charges made, incurred or created under the leases), and procure the due and punctual performance by EUROSIB LOGISTICS of all its obligations under the leases.

10. Under the terms of the lease agreements, Defendant EUROSIB LOGISTICS was required to provide rental payments to Plaintiffs for the use of the container equipment at times determined by the agreements.

11. Under the terms of the corporate guarantees Defendants were required to provide rental payments to Plaintiffs in the event that Defendant EUROSIB LOGISTICS failed to provide payment.

12. Defendants breached the lease agreements and guarantees by, unlawfully and in contravention of the terms of the agreements and guarantees, failing to provide rental and other payments due under such lease agreements in the amount of $436,434.49, as well as accrued interest thereon.

13. As a result of Defendants' failure to provide such payments, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

14. In accordance with the terms of the agreements and guarantees, Plaintiffs provided Defendants with a Notice of Default and Termination of the agreement between the parties.

15. Under the terms of the agreements, guarantees and the Notice of Default and Termination, Defendants were required to return all leased containers upon receipt of

Plaintiffs' Notice of Default and Termination.

16. Defendants breached the agreements and guarantees by unlawfully and in contravention of the terms of the agreements and guarantees, failing to return Plaintiffs' containers.

17. As a result of Defendant's failure to return Plaintiffs' containers, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

18. Under the terms of the agreements and guarantees, Defendants were required to provide Plaintiffs with the depreciated replacement value of any containers that were not returned to Plaintiffs.

19. Presently, the depreciated replacement value of all containers that have not been returned to Plaintiffs is US$5,592,052.03, which is due and owing to Plaintiffs.

20. Defendants breached the agreements and guarantees by unlawfully and in contravention of the terms of the agreements and guarantees, failing to pay the depreciated replacement value for any containers that were not returned to Plaintiffs.

21. As a result of Defendants' failure to pay for the containers' depreciated replacement value, Plaintiffs have incurred and will continue to incur damages, costs and expenses for which Defendants are liable under the terms of the lease agreements, guarantees and at law.

22. Plaintiffs are about to commence proceedings in the High Court of England and Wales seeking to recover under the referenced claims.

23. Under English law, attorneys' fees, interest, and costs are routinely awarded to the prevailing party.

24. As a result of Defendants' breach of the agreements and guarantees, Plaintiffs have sustained damages, and, as best as can now be estimated, Plaintiffs expect to recover the following amounts:

Principal Claims

| | |
|---|---|
| Lease payments | $436,434.49 |
| Container replacement value | $5,592,052.03 |
| Subtotal | $6,028,486.52 |
| Attorneys' fees and costs | $500,000.00 |
| Interest compounded yearly for 3 yrs at 6.5% | $1,253,621.51 |
| Total | $7,782,108.03 |

25. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

26. All conditions precedent required of Plaintiffs in the aforesaid agreements have been performed.

27. Defendants cannot be found, within the meaning of Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, within this District, but, upon information and belief, Defendants have or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse and/or UBS, which are believed to be due and owing to Plaintiffs.

28. For the purpose of obtaining personal jurisdiction over Defendants and securing

Plaintiffs' claim as described above, Plaintiffs seek and order from this Court directing the Clerk of the Court to issue process of maritime attachment and garnishment pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty and Maritime Claims, restraining and attaching any assets, cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit freights, sub-freights, charter hire, sub-charter hire, and/or other assets belonging to, due or for the benefit of Defendants, including but not limited to such assets as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to the aforesaid garnishees and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served.

WHEREFORE, Plaintiffs pray:

A.   That process in due form of law issue against Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That, since Defendants cannot be found in this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court direct the Clerk of the Court to issue an order, pursuant to Rule B of the Federal Rules of Civil Procedure Supplemental Rules for Certain Admiralty, restraining and attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including but not limited to the Bank of America, Bank of New York Mellon, Citibank, HSBC Bank USA NA, J.P. Morgan Chase, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, ABN AMRO Bank N.V., American Express Bank Ltd., Barclays' Bank, Bank of China, BNP Paribas, Societe Generale Bank, Credit Suisse, UBS and/or any other garnishee upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $7,782,108.03 to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and answer the matters alleged in the Complaint;

12/3919

    C. That the Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof.

    D. That Plaintiffs have such other and further relief as this Honorable Court may deem just and proper.

Dated: New York, New York
    September 4, 2009

          Respectfully submitted,
          MAHONEY & KEANE, LLP
          Attorneys for Plaintiff
          GE SEACO SRL and GE SEACO
          SERVICES LIMTED

     By: _____
          Edward A. Keane
          11 Hanover Square, Tenth Floor
          New York, New York 10005
          (212) 385-1422

## ATTORNEY VERIFICATION

STATE OF NEW YORK    :
                     : SS.:
COUNTY OF NEW YORK   :

1. My name is Edward A. Keane.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for Plaintiffs and I am fully authorized to make this Verification on their behalf.

4. I have read the foregoing Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiffs is that the Plaintiffs are corporations none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiffs and their counsels, all of which I believe to be true and accurate.

Dated:    New York, New York
          September 4, 2009

                                            _____
                                            Edward A. Keane

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 4th DAY OF Sept, 2009,
BY Edward A. Keane

NOTARY PUBLIC
JORGE RODRIGUEZ
NOTARY PUBLIC
State of New York No. 02RO6128023
Qualified in New York County
Term Expires 06/06/2009

12/3919                                     8